UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EVERETT JOHNSON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-01069-TWP-MKK |
| | ) |
| JERRY ASHER, | ) |
| HOWARD COUNTY SHERIFF, | ) |
| HOWARD COUNTY SHERIFF DEPARTMENT, | ) |
| TUCKER METCALF, | ) |
| HOWARD COUNTY WORK RELEASE, | ) |
| | ) |
| Defendants. | ) |

**Order Dismissing Complaint and Opportunity to Show Cause**

Plaintiff Everett Johnson, Jr., filed this civil action under 42 U.S.C. § 1983, while incarcerated at the Howard County Jail. Dkt. 1. He alleges that the defendants are liable for keeping him in custody beyond the date he was entitled to release. Because the plaintiff was a "prisoner," at the time he filed this civil action, this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

### IV.    Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The Complaint names three defendants: the Howard County Sheriff's Department, Howard County Sheriff Jerry Asher, and Tucker Metcalf, an employee of the Howard County Work Release program. Dkt. 1 at 1-2. Mr. Johnson alleges they are liable for his wrongful incarceration between September 14, 2022, and September 22, 2022.[1] He alleges that "after protest and complaints to the Howard County Jail, Howard County Work Release, and Howard County Superior 4, plaintiff Johnson was released on September 22, 2022." Dkt. 1 at 3. He seeks money damages.

## III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

First, this action is brought pursuant to 42 U.S.C. § 1983. Section 1983 "provides a cause of action for the deprivation of constitutional rights by persons acting under color of state law." *Torres v. Madrid*, 141 S. Ct. 989, 994 (2020). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). The allegations in the complaint implicate the Eighth Amendment.

"Custody beyond the date a person is entitled to release violates the Eighth Amendment if it is the product of deliberate indifference." *Sabo v. Erickson*, — F.4th —, No. 21-3332, 2024 WL

---

[1] Mr. Johnson was asked to supplement his complaint by identifying the state court case number whose sentence allegedly expired on September 14, 2022. In response, Mr. Johnson provided the Court with the chronological case summary and other supporting documents for *State v. Everett Johnson, Jr.*, Case No. 34D04-1807-F6-000190 (Howard Superior Court 4). Dkt. 23-1.

1879317, at *4 (7th Cir. Apr. 30, 2024). "Deliberate indifference occurs when a defendant realizes that a substantial risk of serious harm to a prisoner exists, but then disregards that risk." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). It requires "more than negligence or even gross negligence": the defendant must have been "essentially criminally reckless, that is, ignored a known risk." *Figgs v. Dawson*, 829 F.3d 895, 903 (7th Cir. 2016).

The complaint does not offer any allegations that suggest Jerry Asher or Tucker Metcalf knew Mr. Johnson was being held beyond the date when he was entitled to release. Nor are there allegations suggesting that when they were informed of this fact that they did nothing or responded inappropriately. Absent any allegations of wrongdoing, the claims against Jerry Asher and Tucker Metcalf are **dismissed.**

Second, claims against the Howard County Sheriff's Department must be **dismissed.** The Sheriff's Department cannot be liable for the acts of Jerry Asher or Tucker Metcalf under § 1983. Instead, the Sheriff's Department may be sued only when its actions violate the Constitution. *See Levy v. Marion Cty. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019) (applying *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 98 S.Ct. 2018 (1978) to claim against Sheriff Department). Thus, to state a claim against the Sheriff's Department, the plaintiff must allege that an action taken by the Sheriff's Department caused the deprivation of his federally secured rights. The Sheriff's Department "'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Id.* (citing *Bd. Of the Cty. Commissioners v. Brown*, 520 U.S. 397, 403–04 (1997)). The complaint alleges no factual basis upon which to conclude that the Sheriff's Department took any action that caused Mr. Johnson's injury. Accordingly, the Sheriff's Department is **dismissed**.

Because the Court has been unable to identify a viable claim for relief against any defendant, the complaint is subject to dismissal. Mr. Johnson's negligence claims, dkt. 1 at 3, are necessarily brought under state law. Absent any viable federal claim, the court will relinquish its supplemental jurisdiction over the state-law claims.

### IV. Opportunity to Show Cause

The plaintiff's federal claims must be dismissed for each of the reasons set forth above. The plaintiff will have **through June 11, 2024,** in which to show cause why Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

**IT IS SO ORDERED.**

Date: 5/16/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

EVERETT JOHNSON, JR.
1506 N. Lindsay St.
Kokomo, IN 46901